No statement of facts accompanies the record. The indictment charged the offense to have been committed on the 2d day of October, 1926.

[1, 2] Complaint is made in the first two bills of exception that the court permitted witnesses for the state, after having testified to the commission of the offense on or about October 2d, and after the defendant had placed his alibi witnesses on the stand to show that on that date he was in another and different place, to return to the witness stand and testify to the commission of the offense on the 2d day of December, 1926. The bills of exception are qualified with the explanation that, when the witnesses were first on the stand, they had no records, but, after consulting their records and refreshing their memory, they were able to testify to the date of the offense. The state is not bound by the date alleged in the indictment. The date proved must not be so remote as to show that a prosecution for the offense was barred by limitation, and must be a date anterior to the presentment of the indictment. See Collins v. State, 77 Tex. Cr. R. 156, 178 S. W. 345; Cudd v. State, 28 Tex. App. 124, 12 S. W. 1010; Irby v. State, 69 Tex. Cr. R. 619, 155 S. W. 543. The record fails to show any motion for a continuance or a postponement on the ground of surprise. In our opinion, there was no error in the action of the court.

[3] We are unable to say, in the absence of a statement of facts, that the matters complained of in the remaining bills of exception were calculated to injure the appellant. In the absence of a statement of facts, the presumption is in favor of the legality of the conviction. The presence of a statement of facts might reveal that the matters complained of were entirely harmless, and the law, as we understand it, has laid upon us the duty of so presuming, in the absence of a showing to the contrary in bills of exception and in the absence of a statement of facts. Smith v. State, 89 Tex. Cr. R. 225, 230 S. W. 161; Hinton v. State, 95 Tex. Cr. R. 3, 252 S. W. 525; Curry v. York, 3 Tex. 360; Perkins v. Terrell (Tex. Civ. App.) 214 S. W. 553.

The judgment is affirmed.

PER CURIAM. The foregoing opinion of the Commission of Appeals has been examined by the judges of the Court of Criminal Appeals and approved by the court.

On Motion for Rehearing.

MORROW, P. J. In the motion for rehearing appellant combats the soundness of the conclusions stated in the original opinion. The motion, however, is void of citation of authorities or of reasons advanced for the position taken. Our examination of the record, in the light of the motion, leaves us of the opinion that on the original hearing appropriate disposition was made of the appeal.

The motion is overruled.

═══

**WHITFILL v. STATE. (No. 11374.)**

Court of Criminal Appeals of Texas. Oct. 19, 1927.

Rehearing Denied Nov. 16, 1927.

Criminal law ☞1099(1)—Appellate court cannot compel clerk to file statement of facts for accused on mere showing that accused employed attorney, who subsequently left state.

Appellate court cannot issue writ of certiorari to compel clerk to file statement of facts for purposes of appeal by accused, on showing that accused employed an attorney and paid him a fee and that the attorney has left the state; appellate court not being authorized to compel filing of statement of facts on mere showing that accused's attorney is guilty of negligence or laches in representing accused.

Appeal from District Court, Lubbock County; Clark M. Mullican, Judge.

J. W. Whitfill was convicted for possessing equipment, material, and a still for the manufacture of intoxicating liquor, and he appeals, and applies for certiorari to compel clerk to file a statement of facts. Affirmed, and application denied.

H. R. Bishop, of Panhandle, and J. A. Carlisle, of Sherman, for appellant.

Sam D. Stinson, State's Atty., and Robt. M. Lyles, Asst. State's Atty., both of Austin, for the State.

LATTIMORE, J. Conviction for possessing equipment, material, and a still for the manufacture of intoxicating liquor; punishment, five years in the penitentiary.

The record is before us without any statement of facts. There are two bills of exception, neither of which presents a complaint which can be considered, in the absence of a statement of facts. The indictment herein charges an offense under the law, and the charge of the court correctly presents the law of the case.

No error appearing, the judgment will be affirmed.

On Motion for Rehearing.

Appellant files his motion for rehearing, setting up only that, if he had his statement of facts properly before the court, it would be evident that certain testimony should

have been rejected, which he claims was improperly admitted, and in this connection he asks for a writ of certiorari to compel the clerk to file a statement of facts. There is no showing in the record upon which we would be justified in issuing any such writ. Appellant sets up that he employed an attorney and paid him a fee, and that said attorney has since left the state. We have no rule in this court that would authorize us to compel the filing of statements of facts for men whose only showing is that their attorneys are guilty of negligence or laches in representing them.

The application for certiorari will be denied, and the motion for rehearing overruled.